IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PATRICK RICE                                                                                    PLAINTIFF

v.                                          3:16CV00299-JLH-JJV

MIKE KINDALL; *et al*.                                                                  DEFENDANTS

## ORDER

**I.   BACKGROUND**

Patrick Rice ("Plaintiff") is incarcerated at the Poinsett County Detention Center and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 4.) Initially it appeared Plaintiff intended this cause of action to be a petition for writ of habeas corpus. (Doc. No. 1.) So I ordered Plaintiff to state how he wished to proceed and provided a 42 U.S.C. § 1983 complaint form. (*Id.*) Plaintiff filed an Amended Complaint pursuing a § 1983 cause of action. (Doc. No. 4.) Plaintiff alleges, *inter alia*, he is not receiving necessary medical care. (*Id*. at 4-6.)

**II.   SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination,

frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id.* at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III. PLAINTIFF'S AMENDED COMPLAINT

Plaintiff says Mike Kindall was the head administrator when the events began. (Doc. No. 4 at 4.) Plaintiff never explains the actions or inactions of Defendant Kindall, and a close reading of his Complaint leads me to believe he wishes to hold Defendant Kindall liable as the jail

supervisor. But allegations against Defendant Kindall because of his supervisory position are not actionable. *See Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (holding that, in a section 1983 action, supervisory defendants are not vicariously liable for the actions of their subordinates).

Also, Plaintiff fails to allege any specific misconduct against Defendants Muse or Cox. (Doc. No. 4 at 4-6.) Instead, Plaintiff lists his allegations and then says, "All this applys [sic] to the following . . . Kim Muse, and Susan Cox . . . " (*Id*. at 6.) Without more, these allegations fail to state a claim upon which relief can be granted. *Bell Atlantic Corp.*, 550 U.S. at 570 (a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face").

Accordingly, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. Plaintiff, if he chooses, may submit within thirty (30) days of the date of this Order, a superseding Amended Complaint which contains all of his claims against all defendants he is suing in a single document. Any instances of personal involvement by Defendants Kindall, Muse, and Cox in any of Plaintiff's alleged harms should be included in his Amended Complaint.

Plaintiff is cautioned that another Amended Complaint renders his original Amended Complaint without legal effect. Only claims properly set out in the Second Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Second Amended Complaint should **1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named defendant in a simple, concise, and direct manner, including dates, times, and places, if applicable; 3) indicate whether he is suing each defendant in his/her individual or official capacity, or in both capacities; 4) how Plaintiff was harmed; and 5) state whether he was incarcerated at the time as a pretrial detainee.**

IV. **PLEADINGS**

The Court is sensitive to the fact that *pro se* litigants like Plaintiff are not trained in the law

and will give deference to a *pro se* plaintiff where the law requires. However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) (citations omitted). Accordingly, the Court will only consider claims properly pled in a complaint or in a superseding amended complaint. Additionally, the Court will not consider claims stated in notices or other pleadings not filed in compliance with the Federal Rules of Civil Procedure.

V.     **LOCAL RULE**

Plaintiff must also comply with the Local Rules of the Court. Of particular note to *pro se* plaintiffs is Rule 5.5(C)(2), which states:

> Parties appearing *pro se.* It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(C)(2).

VI.    **CONCLUSION**

IT IS, THEREFORE, ORDERED that:

1.     The Clerk shall mail the 42 U.S.C. § 1983 complaint form to Plaintiff with this Order. If Plaintiff wishes to amend his Complaint, he may complete the new complaint form in its entirety in accordance with this Order, mark it as "Amended Complaint," and file within thirty (30) days of the date of this Order.

2.     Plaintiff's Amended Complaint, as it now stands, is deficient and may be dismissed after thirty (30) days of the date of this Order.

3. Service is not appropriate at this time.

DATED this 9th day of November, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE